**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**V.**                                                    **CAUSE NO. 3:18-CR-77-CWR-FKB-1**

**MARK LONGGREAR**                                                    **DEFENDANT**

<u>**ORDER**</u>

Before the Court is Mark Longgrear's motion for compassionate release. Docket No. 70. The Court has reviewed the parties' briefs; statements by victims of Longgrear's crimes, *see* Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(4); and the relevant law. For the reasons that follow, the motion is denied.

On September 5, 2018, Mark Longgrear pleaded guilty to one count of Conspiracy to Defraud the United States and six counts of Uttering Forged and Counterfeit Security, in violation of 18 U.S.C. § 371 and 18 U.S.C. § 513(a), respectively. He had sold late-model, high-mileage vehicles with rolled-back odometers and provided titles to the vehicles showing significantly less mileage. According to the Government, the financial losses due to Longgrear's actions totaled $1.5 million. On February 19, 2019, this Court sentenced Longgrear to serve 57 months in federal prison followed by three years of supervised release. Longgrear was committed into custody on April 15, 2019, and is due to be released on April 30, 2023.

On May 18, 2020, Longgrear filed a *pro se* motion for compassionate release. Pursuant to this Court's standing order, the Office of the Federal Public Defender for the Southern District of Mississippi was appointed to represent Longgrear on his motion. *See* Docket No. 71. Longgrear contends that he has medical conditions which pose a risk to his life in light of the COVID-19 pandemic. He states that he suffers from hypertension, toxic liver disease, and pre-diabetes.

Additionally, he is housed at the Federal Correctional Institution, Oakdale I—a low-level security institution in Louisiana. Oakdale I "is the site of the first known [Bureau of Prisons] (BOP) prisoner death from COVID-19." *United States v. Kelly*, No. 3:13-CR-59-CWR-LRA-2, 2020 WL 2104241, at *6 (S.D. Miss. May 1, 2020). As of August 25, 2020, 218 prisoners and 32 staff members there have tested positive for COVID-19. While the vast majority have recovered, 7 prisoners have died from COVID-19 while two prisoners and 11 staff members are currently positive for the virus at Oakdale I.[1]

Turning to Longgrear's requested relief, this Court lacks the power to directly order that Longgrear serve the remainder of his sentence in home confinement. *See* 18 U.S.C. § 3621(b); *see also United States v. Blevins*, No. 5:09-CR-15-DCB-JCS, 2020 WL 3260098, at *3 (S.D. Miss. June 16, 2020) ("[T]he Court lacks the authority to order the BOP to transfer Blevins to home confinement. Once a sentence is imposed, the BOP 'shall designate the place of the prisoner's imprisonment'"). While this Court continues to sympathize with incarcerated persons directly impacted by Covid-19, the decision to grant home confinement is one reserved for the BOP.

Moreover, even assuming that Longgrear can overcome the procedural hurdles, the undersigned is not persuaded that the § 3553(a) factors warrant relief. Longgrear did take responsibility for his actions and the Court considered that in imposing his sentence. However, Longgrear's charges were very serious and, as the recent victim letters show, many of his victims continue to suffer from his actions. Given that Longgrear has served less than 30 percent of the imposed sentence, reducing his sentence at this juncture would not effectively "reflect the seriousness of the offense . . . promote respect for the law . . . [or] provide just punishment for the

---

[1] *Covid-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited August 25, 2020).

offense." 18 U.S.C. § 3553(a)(2)(A). It would also not "afford adequate deterrence to criminal conduct" under subsection (a)(2)(B).

For these reasons, the motion is denied.

**SO ORDERED**, this the 26th of August, 2020.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE